IN THE UNITED STATES DISTRCIT COURT
SOUTHERN DISTRCIT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **BESSIE COX** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **3:19-cv-374** |
| | § | |
| **STEAK N SHAKE INC.,** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Morgan Grice, by her attorney Allie R. Booker, and complaining of: (i) Steak and Shake Inc. under premises liability and negligence, which are violations of state law.

## PRELIMINARY STATEMENT

This action is for damages arising out of violations of state torts, premises liability and negligence claims detailed below in an amount greater than $75,000.00. The acts and practice constituting the violation alleged below have occurred within the jurisdiction of the United States Court, in and for the Southern District of Texas in that they occurred in Brazoria County, Texas.

## JURISDICTION AND VENUE

Diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332. This suit is between citizens of different States and the amount in controversy exceed $75,000.

Failing to sufficiently allege a corporation's citizenship. A corporation has dual citizenship and a proper plea must state both the state of incorporation and the principle

place of business. Venue in the United States Southern District Court for the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## THE PARTIES

### PARTIES AND SERVICE

2. Plaintiff, Bessie Cox, is an Individual whose address is 2703 Trailblazer Lane, Manvel, Texas 77578. She is a citizen of Brazoria County.

3. The last three numbers of Bessie Cox's social security number are 673.

4. Defendant Steak n Shake Inc., is a corporation doing business in the state of Texas for the purpose of monetary profit and may be served with process by serving its registered agent of service, CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCO, 211 E. 7TH STREET, SUITE 620 AUSTIN, TX 78701, via certified mail, return receipt requested. Issuance of citation and service via district clerk is requested at this time. Indiana is the state of formation for Steak n Shake Inc. Defendant Steak n Shake Inc., owned, and/or occupied, and/or operated the premises where the incident made the basis of the suit occurred.

5. In the event any parties are misnamed or not included in this pleading, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of the parties named in this pleading.

### FACTS

6. At all times material hereto, Defendant Steak n Shake Inc., was the possessor in control of the premises located at 3030 Business Center Dr, Pearland, TX 77584.

7. Bessie Cox entered upon said premises for the purpose of purchasing food and/or eating. She entered on the said property of Defendant at the invitation of Defendant to engage in the act of purchasing food and/or eating.

8. During the time that Bessie Cox was upon Defendant's property, she was seriously injured as a result of a dangerous condition in that Steak n Shake Inc. had which was a foreign substance namely grease that they permitted to be all over the floor throughout the floor area in between and near the kitchen (and leading to) the bathroom and Plaintiff fell on it causing her injuries.

9. Bessie Cox's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

10. In addition, Defendant failed to warn or did not adequately warn plaintiff of said conditions, and are therefore liable of the dangerous condition that existed.

## LIABILITY OF DEFENDANT

11. On or about 12/16/2017 and at all times mentioned herein, Defendant Steak n Shake Inc., was the possessor of the property in question and either owned, and/or occupied, and/or maintained the premises located at 3030 Business Center Dr, Pearland, TX 77584 as a Steak n Shake fast food restaurant.

12. At all times mentioned herein, Defendant Steak n Shake Inc. had such control over the premises in question that Defendant Steak n Shake Inc., LLC owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

13. Defendant Steak n Shake Inc. and Defendant's agents, servants, and employees negligently permitted the floor to become wet and slippery, negligently or willfully allowed such

condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant Steak n Shake Inc., or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

14. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant Steak n Shake Inc. or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

15. At all times pertinent herein, Defendant Steak n Shake Inc. and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

    B. Failing to maintain the floor in a reasonably safe condition;

    C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

    D. Failing to give warnings to Plaintiff of the unsafe condition;

    E. Failing to remove the grease and or clean the greasy floor causing the slip and fall; and

    F. Failing to discover and remove the grease within a reasonable time.

## PROXIMATE CAUSE

16. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant Steak n Shake Inc., taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## EXEMPLARY DAMAGES

17. Defendant Steak n Shake Inc.'s acts or omissions described above, when viewed from the standpoint of Defendant Steak n Shake Inc., at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Steak n Shake Inc., had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

18. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Steak n Shake Inc..

## DAMAGES FOR PLAINTIFF

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Bessie Cox was caused to suffer numerous injuries to her upper and lower extremities, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Bessie Cox has incurred the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Bessie Cox for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Brazoria County, Texas and or any other counties where said services were rendered;

   B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Mental anguish in the past;

  E. Physical pain and suffering in the future;

  F. Mental anguish in the future;

  G. Physical impairment in the past;

  H. Physical impairment which, in all reasonable probability, will be suffered in the future;

  I. Loss of Household Services in the past;

  J. Loss of Household Services in the future;

  K. Disfigurement in the past;

  L. Disfigurement in the future; and

  M. Cost of medical monitoring and prevention in the future.

21. By reason of the above, Plaintiff, Bessie Cox has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

22. In addition to actual damages, Plaintiff seeks to recover for pre-judgment interest on actual damages in accordance with the provisions of *V.C.T.A. Finance Code* § 304.101, *et. seq.*, and for post-judgment interest on said judgment at the maximum legal rate.

23. If the Defendant claims that Plaintiff had a pre-existing condition, disease or infirmity in body, and if said condition or disease existed in any degree, whatsoever, the above described accident aggravated, accelerated and/or made worse such condition, disease or infirmity so as to be a proximate cause of injuries, disability and/or damages.  If Defendants claims any doctor aggravated Plaintiff's injuries, the Plaintiff may recover for aggravation of injuries brought about by improper medical treatment since she was not negligent in the selecting of her medical advisors.

24. If it is the Defendant's contention that the Plaintiff's medical bills are limited to those

only paid and/or incurred by them or their insurance company, including Plaintiff's deductible and co-payments, then Plaintiffs hereby seek recovery for the premiums they have paid for such insurance coverage since the Defendant has robbed her of the benefits of that insurance coverage without fair, due, and just compensation. Additionally, Plaintiff would show that TEX. CIV. PRAC. & REM. CODE §41.105 is an unconstitutional taking of Plaintiff's property and violates Plaintiff's due process rights under both the Texas and the U.S. Constitution.

## CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiff's right to bring this action and recover her damages and to Defendants' liability have been performed or have occurred.

## JURY DEMAND

26. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## REQUEST FOR DISCOVERY

27. Under FED. R. CIV. P. plaintiff requests that defendant disclose and respond, within 50 days of the service of this request, the information, requests or material attached hereto as **Exhibit 1**, *Plaintiff's Request for Admissions, Plaintiff's Request for Production, and Plaintiff's Interrogatories to Defendant.*

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Bessie Cox, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec.

41.008, Chapter 41, Texas Civil Practice and Remedies Code and federal law; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**THE BOOKER LAW FIRM**

*/S/Allie R. Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell Street
Houston, Texas 77002
(713) 292-2225 office
(713) 583-3999 facsimile
COUNSEL TO PLAINTIFF, BESSIE COX

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**