IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BESSIE COX, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-374 |
| | § | |
| STEAK N SHAKE, INC., | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF LAW IN SUPPORT

Defendant Steak N Shake, Inc. ("Defendant" or "SNS"), pursuant to Fed. R. Civ. P. 12(c), moves for judgment on the pleadings on Plaintiffs' claims as set forth below.  In support of its motion, Defendant submits the following:

### I.    INTRODUCTION

This is a diversity jurisdiction case alleging state law negligence and premises liability claims against, Defendant, who is the franchisor of a Steak N Shake franchisee-owned restaurant in Pearland, Texas, where in the Complaint is alleged to have occurred.  Plaintiff's claims are based her allegation that Defendant owned, occupied, or operated the premises.  (Doc. 3 at 1.)

It is, however, a matter of public record that Defendant is not the owner, occupier, or operator of the Pearland Steak N Shake.  Instead, its franchisee, N7 Holdings, LLC, is the sole owner, occupier, or operator.  Accordingly, Defendant is not a proper party to this suit and is entitled to judgment on the pleadings as a matter of law.

### II.    STANDARD OF REVIEW

The entry of judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c), which states in relevant part:

> **(c) Motion for Judgment on the Pleadings.**  After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

FED. R. CIV. P. 12(c).  "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  A court has authority to dismiss a suit if the complaint does not state factual allegations showing that the right to relief is plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007).  Additionally, a plaintiff whose allegations show that there is an airtight defense has pleaded itself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c).  *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012).

In considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to "the contents of the pleadings, including attachments thereto."  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (internal quotation marks and citation omitted) (considering a Rule 12(b)(6) motion); FED. R. CIV. P. 12(d) (applying the same standard to consideration of matters outside the pleadings in both the Rule 12(c) and Rule 12(b)(6) contexts).  The "pleadings" include the complaint, answer to the complaint, and "if the court orders one, a reply to an answer."  FED. R. CIV. P. 7(a).  Significantly, however, courts may properly look beyond the pleadings to consider matters of public record.  *See Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990); *J. M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78 (5th Cir. 1962).

### III.    ARGUMENT & AUTHORITIES

In considering a Rule 12 motion, although "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).  A court may take judicial notice of documents in the public record, and may consider such document in determining a motion to dismiss.  *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005).

Plaintiff has alleged that Defendant SNS owned, occupied, operated, or possessed the premises where she alleged she was injured.  (Doc. 3 at 1.)  Plaintiff's allegation cannot be accepted as true, however, because it is directly contradicted by matters properly subject to judicial notice.  Specifically, Defendant was not the owner, operator, or possessor of those premises.  The Brazoria County Appraisal District's records reflect that the owner of that property is N7 Holdings d/b/a Steak N Shake, and the real property records for Brazoria County show that N7 Holdings is the owner of that property, by virtue of a deed dated October 10, 2014. (See Official Public Records of Brazoria County, Document No. 2014045744, recorded October 21, 2014; attached as Exhibit 1.)  The Texas Comptroller's Office records reflect that N7 Holdings, LLC is the sales tax permit holder for the Steak N Shake restaurant alleged in the complaint as the location where the incident forming the basis of her claims.  (See Exhibit 2 [Sales Taxpayer Search, https://mycpa.cpa.state.tx.us/staxpayersearch (search Taxpayer ID "32055002920")]. These matters of public record are properly subject to judicial notice.  *See* FED. R. EVID. 201., 902(5); *See Williams v. Long*, 585 F. Supp. 2d 679, 689 (D. Md. 2008).

## IV.     CONCLUSION & PRAYER

For the foregoing reasons, Defendant prays that the Court grant its motion for judgment

on the pleadings, dismiss this action with prejudice, and grant such other or further relief as the

Court may deem just and proper.

Respectfully submitted,


   /s/ Christopher L. Kurzner
Christopher L. Kurzner
State Bar No. 11769100

Kurzner PC
1700 Pacific Avenue, Suite 1870
Dallas, Texas 75201
Telephone:  214-442-0801 (direct)
Telecopier:  214-442-0851 (direct)
ckurzner@kurzner.com

COUNSEL FOR DEFENDANT